E-FILED
Monday, 29 September, 2008  01:11:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT |
| EAGLE WINGS INDUSTRIES, INC, | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |
| | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and to provide appropriate relief to a class of employees who were adversely affected by such practices.

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant Eagle Wings Industries, Inc. ("Defendant" or "Eagle Wings"), discriminated against Charging Party Kimberly Bridgman ("Charging Party" or "Bridgman") and a class of female employees by subjecting them to harassment because of their sex.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Central District of Illinois.

## PARTIES AND OTHER PERSONS

3.     Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Eagle Wings Industries, Inc. has continuously been and is now a corporation doing business in the Central District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5.     At all relevant times, Eagle Wings has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Bridgman filed two charges of discrimination with the Commission alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964 by Eagle Wings.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least 2000, Eagle Wings has engaged in unlawful employment practices at its plant in Rantoul, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Such practices include, but are not limited to, subjecting Bridgman and a class of female employees to harassment because of their sex.

8.     The effect of the practices complained of in Paragraph 7 above has been to

deprive Bridgman and a class of employees of equal opportunities and otherwise adversely affect their status as employees because of their sex.

9.      The unlawful employment practices complained of in Paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in Paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Bridgman and a class of female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.      Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make Bridgman and a class of female employees whole by providing compensation for past and future pecuniary losses;

D.      Order Defendant to make Bridgman and a class of female employees whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

E.      Order Defendant to pay Bridgman and a class of female employees punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

F.      Grant such further relief as the Court deems necessary and proper; and

G.     Grant the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney


/s/ Aaron R. DeCamp
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-353-7582